NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BARRY MICHAEL HASSELL, II, *Appellant.*

No. 1 CA-CR 16-0165
FILED 6-1-2017

Appeal from the Superior Court in Maricopa County
No.  CR2013-003511-001
The Honorable Warren J. Granville, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Richard D. Gierloff, Mesa
By Richard D. Gierloff
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

**¶1**          Barry Michael Hassell (Defendant) appeals his convictions for: (1) two counts of first degree murder, a class 1 dangerous felony; (2) second-degree burglary of a home, a class 3 felony, and (3) conspiracy to commit burglary of a vehicle, a class 3 felony, and the respective sentences imposed.[1]

**¶2**          Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, counsel found no arguable question of law that was not frivolous. Defendant was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Defendant's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

**¶3**          On January 30, 2012, Phoenix Fire Department and Phoenix Police Department received a 9-1-1 telephone call regarding a vehicle engulfed in flames. Officer Ross responded to the call, conducted a record search of the vehicle, and determined L.S. and G.S. ("the Victims") owned the vehicle. Officer Ross contacted Paradise Valley Police Department requesting they contact the Victims to inform them about their vehicle. Paradise Valley Police Officer Mary Keller responded to the Victims' home and upon arrival, saw smoke coming from the roof of the residence.

**¶4**          Officer Keller immediately contacted the Phoenix Fire Department. The Phoenix Fire Department arrived and encountered an

---

[1]     Defendant was also convicted in separate unrelated indictment in Maricopa County Cause Number CR2015-110925-001-DT. A separate memorandum decision addressing that cause number is filed contemporaneous with this decision.

active burning fire and found the Victims severely burned and bound by their wrists and ankles to their bed.

¶5        Alcohol, Tobacco, and Firearms ("ATF") Special Agent Hildick concluded, based on his investigation, the fire to the Victims' vehicle and home was arson. The home was ransacked and hundreds of items were taken.

¶6        A phone call from a silent witness in late January 2012 and early February 2012, led to multiple interviews of potential suspects, which led to the subsequent contact with Defendant. Detective Schrimpf contacted Defendant in March 2012 and proceeded to interview him about the double homicide investigation. Defendant stated he did not recall the night in question or whether he drove co-defendant Michael Crane to the Victims' home.

¶7        On May 30, 2012, Detective Schrimpf and Sergeant Dodd mirandized and interviewed Defendant. Defendant stated he drove Michael Crane to the area of Camelback and 32nd Street looking to commit burglaries, whether it be cars, homes, or "whatever." Defendant was indicted in September 2013 with the instant charges. He was nevertheless released in November 2013 on supervised release subject to, *inter alia*, curfew and electronic monitoring, and his bond was reduced. A bench warrant issued in March 2015 after Defendant absconded and violated his electronic monitoring release conditions.[2]

¶8        A 19-day trial took place from November 2015 to December 2015 in CR2013-003511-001. Defendant testified on his own behalf, stating he drove Crane to Paradise Valley and admitted that he considered looking into some vehicles. Defendant also testified he walked for about 15 to 20 minutes before he lost sight of Crane and began looking for him. Defendant claimed he spotted a Paradise Valley patrol officer and decided to leave the area at around 3:40 a.m. He further testified he did not know where the

---

[2]        The State charged Defendant with escape in the second degree, a class 5 felony; interference with monitoring devices, a class 4 felony; unlawful flight from law enforcement vehicle, a class 5 felony, aggravated assault, a class 3 felony, and misconduct involving weapons, a class 4 felony. The State moved to consolidate the matters and the motion was denied.

Victims' home was, and left without Crane and did not hear from Crane for days thereafter.

¶9         However, William Williams, an FBI cell phone records analyst, testified Defendant used a tower in proximity to the Victims' home, specifically placing Defendant outside the home. Furthermore, Defendant's license plate was run by Paradise Valley Police Officers at 2:57 a.m., further refuting Defendant's testimony that he left the area at 2:00 a.m. Cell phone records revealed Defendant had contact with Crane on January 31, 2012.[3]

¶10         DNA Analyst Stephanie Bond testified that over 200 items were collected from the scene, and though the results regarding many items tested were inconclusive, she could not exclude Defendant. Specifically, a mixture of DNA was found on the pistol and she could not exclude Defendant.

¶11         Defendant was found guilty, with pecuniary gain, age of the victims, and acting with an accomplice as aggravating factors. Defendant was sentenced to two life terms with the possibility of release after 25 calendar years on counts 1 and 2, a presumptive term of 11.25 years' incarceration on count 3, and an aggravated term of 15 years' incarceration on count 4 with 508 days' pre-sentence incarceration. The superior court also found Defendant had two prior felony convictions for sentencing on counts 3 and 4. Counts 1, 2, and 3 were order to be served concurrently to each other, but consecutive to count 4.

¶12         Defendant timely appealed and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).[4]

## DISCUSSION

¶13         We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

---

[3]     Defendant also admitted to having two prior convictions in Maricopa County Cause No. CR 2006-141171 and CR2008-13261-008.

[4]     We cite to the current version of applicable statutes and rules when no revision material to this case has occurred.

¶14 Defendant was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Defendant all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Defendant's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶15 Defendant's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Defendant's representation in this appeal will end after informing Defendant of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Defendant has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA